UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA TERESA VINDIOLA,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Case No. 17-cv-03701-BLF<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>[Re: ECF 8] |

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") motion to stay the action until completion of contractual arbitration. ECF 8 ("Mot."). The deadline for Plaintiff Maria Teresa Vindiola ("Plaintiff") to file an opposition to the motion has passed, and she has not opposed. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for submission without oral argument and hereby VACATES the motion hearing set for February 1, 2018.

For the reasons set forth below, the Court GRANTS Defendant's motion to stay.

**I.  BACKGROUND**

This action arises from an automobile accident between Plaintiff and an uninsured motorist, and Plaintiff's subsequent uninsured motorist insurance claim under an insurance policy between Plaintiff and Defendant. Plaintiff sues Defendant, her insurer, for breach of insurance contract and breach of the implied covenant of good faith and fair dealing. ECF 1, Ex. 1 ("Compl."). Defendant removed this action to federal court from Santa Clara Superior Court on June 28, 2017. ECF 1. Defendant declined magistrate judge jurisdiction and the case was reassigned to this Court. ECF 6. An initial case management conference is scheduled for November 9, 2017.

1 Plaintiff alleges that the underlying insurance policy in this dispute contained an arbitration provision that provided as follows: "[A] determination as to whether or not the insured was legally entitled to recover damages and the amount thereof shall be made by agreement between the insured and the insurer or, in the event of a reasonable bona fide disagreement, by arbitration." Compl. ¶ 5. Plaintiff alleges that she made a timely claim for benefits under the policy, but states that Defendant made an "unreasonable low offer to settle" and caused a "delay to Arbitrate." *Id.* ¶ 8. Defendant now moves to stay this action until the completion of binding arbitration of the dispute. ECF 8.[1]

## II. LEGAL STANDARD

Defendant spends the majority of its motion arguing that California Code of Civil Procedure § 1281.4 mandates a stay of proceedings in this federal case. *See generally* Mot. However, that provision explicitly relates to "an issue involved in an action or proceeding before a court of [California]." Cal. Code. Civ. P. § 1281.4. Moreover, section 1281.4 only appears to be applicable after a court has ordered arbitration or while a motion to compel arbitration is pending. *Id.* Here, arbitration seems to have already commenced and there is no motion to compel arbitration before the Court. As such, the Court does not address Defendant's arguments under California arbitration law and instead considers whether a stay is warranted under its discretionary authority to issue a stay.[2]

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936). This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."

---

[1] Defendant asserts that it attempted to stipulate to stay the action pending arbitration, but counsel for plaintiff refused to stipulate to a stay. Mot. 3. However, Plaintiff has not timely filed an opposition to Defendant's motion to stay, so her arguments against a stay are not before the Court.
[2] The Court also does not address whether the Federal Arbitration Act is applicable here. 9 U.S.C. § 3. Based on the facts presently before the Court, the parties are in the midst of a parallel arbitration initiated by Plaintiff for uninsured motorist benefits. Defendant has moved for a stay pending the resolution of that arbitration, but has not moved the Court to compel arbitration in this action.

*Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.,* 593 F.2d 863-864 (9th Cir. 1979)).

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

**III. DISCUSSION**

Defendant argues that Plaintiff's claims against it arise from a dispute over whether she is entitled to uninsured motorist benefits, and if so, how much. Mot. 3. Indeed, as explained above, Plaintiff alleges in her complaint that the uninsured motorist claim is subject to binding arbitration, and that Plaintiff initiated the contractual arbitration process. Compl. ¶¶ 5, 8. Therefore, the Court considers whether a stay is appropriate given the impact that the underlying arbitration will have on Plaintiff's breach of contract and breach of implied covenant of good faith claims against Defendant.

The Court finds that judicial efficiency weighs in favor of granting a stay in this action. The resolution of the arbitration regarding Plaintiff's uninsured motorist claim will surely impact this action against Defendant which involves how Defendant handled the uninsured motorist claim. *See Thomas v. State Farm Mut. Auto. Ins. Co.*, No. C15-00509 CRB, 2015 WL 1544244, at

*1 (N.D. Cal. Apr. 2, 2015) (citing *Morello v. Amco Ins. Co.,* No. 11–6623, 2012 WL 19493 87, at *2 (N.D.Cal. May 29, 2012). All of the allegations in Plaintiff's complaint stem from Defendant's failure to pay Plaintiff's claim for uninsured motorist benefits under the insurance policy. *See, e.g.*, Compl. ¶¶ 8, 9, 11, 15. Thus, the ultimate outcome of arbitration, which will determine whether Plaintiff is entitled to such benefits, will have a significant impact on the instant case. An arbitral award in favor of Plaintiff would strengthen her case against Defendant, whereas Defendant's position would be strengthened if an arbitrator determines that Plaintiff is not owed benefits under the policy. *See Luu v. Allstate Ins. Co.*, No. 5:11-CV-01523 EJD, 2011 WL 3360040, at *2 (N.D. Cal. Aug. 2, 2011). Therefore, it is undoubtedly more efficient for this Court and for the litigants to stay this action pending resolution of the ongoing arbitration proceedings which will bear upon the case. *See Dependable Highway Exp.*, 498 F.3d at 1066 (9th Cir. 2007).

The Court also notes that Plaintiff has failed to respond to the motion to stay and thus does not articulate any prejudice or hardship that would result from the stay. Under the considerations in *Landis*, the Court therefore finds that a temporary stay is appropriate. 299 U.S. at 255. However, the Court notes that it has very little information on the status of the arbitration. Plaintiff allegedly demanded arbitration from an accident that occurred in March 2014. Compl. ¶ 6. Neither party has detailed the status of the arbitration, Defendant notes only that "arbitration has yet to take place." Mot. 2. As such, Plaintiff may move to lift the stay upon a showing that the arbitration process will be significantly delayed.

For the foregoing reasons, Defendant's motion to stay the action until completion of binding contractual arbitration is GRANTED. The case is hereby STAYED until the arbitration of Plaintiff's uninsured motorist claim is completed. Either party may apply for relief from the stay upon notice that the arbitration provided for in the insurance policy has concluded.

Dated: September 13, 2017

_____
BETH LABSON FREEMAN
United States District Judge

4